[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Thomas Visconti, has filed a six-count complaint against the defendants, E. Stiewing, Inc. and Global Van Lines, in which he alleges that he has suffered injuries as a result of the defendants terminating the plaintiff's employment. After filing an untimely motion to strike, the defendants have now filed a motion for summary judgment as to the complaint and argue that there are no genuine issues of material fact so as to preclude judgment in the defendants' favor.[1]
The plaintiff's first and fifth counts allege that the plaintiff was terminated from his employment in retaliation for complaining to his employers about potential hazards and safety violations. The defendants argue that, pursuant to the so-called CT Page 4615 whistle-blower statute, § 31-51m, the reporting of any such violation must be made to the appropriate regulatory public body and that the plaintiff's failure to do so entitles the defendants to judgment as matter of law.
In Sheets v, Teddy's Frosted Foods, Inc., 179 Conn. 471, 480,427 A.2d 385 (1980), the Connecticut Supreme Court "sanctioned a common law cause of action for wrongful discharge in situations in which the reason for the discharge involved impropriety . . . derived from some important violation of public policy." SeeBurnham v. Karl Gelb, P.C., 50 Conn. App. 385, 392,717 A.2d 811 (1998), aff'd, 252 Conn. 153, __ A.2d __ (2000). However, "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go undressed would leave a valuable social policy to go unvindicated." Atkinsv. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223
(1985).
In the present case, the plaintiff has alleged that the defendants violated health and safety standards and operated in violation of § 14-261a[2] and that he was terminated after reporting these violations to his employers. The plaintiff, however, has neither made use of the whistle-blower statute nor alleged that he has contacted a regulating public agency.
The court holds that the plaintiff's failure to do so is not fatal for the purposes of this motion for summary judgment. At least one court has found, in similar circumstances, that where a discharge has occurred after violations have been reported, and the plaintiff has not presented his allegations to the appropriate regulatory agency, that the plaintiff is without remedy and thus able to allege a public policy discharge underSheets. Wolf v. Servco Oil, Inc., Superior Court, judicial district of Danbury, Docket No. 327651 (September 8, 1998, Moraghan, J.).
The plaintiff's failure to report the violations to the appropriate regulatory agency does not entitle the defendants to summary judgment as a matter of law. The defendants' motion for summary judgment as to the first and fifth count, therefore, must be denied as the plaintiff is not proceeding under § 31-51m. CT Page 4616
In the second and fourth counts of his complaint, the plaintiff alleges that he was terminated without cause. The defendants move for summary judgment on these counts and argue that the plaintiff was an "at-will" employee and thus subject to discharge.
"[T]he public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one that is only to be invoked when the reason for [the employee's] discharge . . . involves impropriety derived from some important violation of a public policy." (Citations omitted; internal quotation marks omitted.) Parsons v. United TechnologiesCorp. , 243 Conn. 66, 79, 700 A.2d 655 (1997). "We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." Id.
As to the second and fourth count, the plaintiff has neither alleged that he was terminated in violation of a public policy nor shown that his employment was anything other than an employment at-will. There appears to be no material facts in dispute that would preclude the defendants from being able to discharge the plaintiff. The defendants are entitled to summary judgment on the second and fourth counts.
The plaintiff's third and sixth complaint allege that there existed an implied employment contract and that the defendants breached said contract by terminating the plaintiff. The defendants argue that they are entitled to summary judgment as a matter of law because there is no evidence of any implied contract.
In order to prevail on his claim, the plaintiff must demonstrate an actual agreement by the defendant to have an employment contract with him. "A contract implied in fact, like an express contract, depends on actual agreement. . . ." (Citations omitted.) Coelho v. Posi-Seal International, Inc.,208 Conn. 106, 111-12, 544 A.2d 170 (1988). "Accordingly, to prevail on his wrongful termination claim . . . the plaintiff had the burden of proving by a fair preponderance of the evidence that the defendant had agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause . . . ." (Citations omitted; internal quotation marks omitted.) Reynolds v. Chrysler First Commercial Corp. ,40 Conn. App. 725, 730, 673 A.2d 573, cert. denied, 237 Conn. 913, CT Page 4617675 A.2d 885 (1996). "To survive a motion for summary judgment, the plaintiff had the burden of presenting evidence that the defendant had agreed to some form of contract commitment." Id.
In the present case, the plaintiff has presented no evidence to suggest that there was an implied contract. While oral representations, employer's guidelines or past conduct may occasionally support an implied contract of employment; see Id; the plaintiff has failed to establish even one of these. As there is no evidence whatsoever tending to establish even questions of fact concerning an implied employment contract, the defendants are entitled to judgment as a matter of law. The defendants' motion for summary judgment on the third and sixth counts is granted.
To summarize, the court grants the motion for summary judgment as to the second, third, fourth and sixths counts. The motion for summary judgment is denied as to the first and fifth counts.
GROGINS, J.