[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTION TO STRIKE
The plaintiff, Thomas Greene (Greene), brought this action against the defendants, H.M.P. Industries, Inc. (HMP), John Frey, Einar Gudjohnsen, Mildred Frey and Jane Frey Gudjohnsen. In his complaint, Greene alleges that in 1972, HMP, through the defendant John Frey, induced Greene to accept employment with the company by promising him that his employment would be for life, that he would be "set for life" if he joined the company and that he would be treated on the same basis as the defendants who are shareholders of HMP and family members. In 1995, Greene suffered a series of strokes that left him disabled and with severe depression that incapacitated him. In 1997, the complaint further alleges, the defendant shareholders, acting in conspiracy, induced Greene into selling his shares of the company to the defendant Einar Gudjohnsen at an unfairly low price in exchange for continued employment with the company. In 1999, Greene was terminated from his position at HMP. In count one of his complaint, Greene alleges that he entered into a contract of employment with John Frey and HMP based upon the representations made by John Frey and that these defendants breached that contract. In count four, Greene alleges that he entered into a contract CT Page 9342 with-the defendants for continued employment in exchange for selling his stock in the company, and in causing HMP to fire Greene, the individual defendants breached that contract. All defendants now move to strike both of these counts.
 I
The defendants move to strike count one, alleging breach of contract of employment, on the ground that it is legally insufficient because under Connecticut law contracts for permanent employment are terminable at will. The defendants further argue that if count one is not insufficient as a matter of law, it must be stricken as to the individual defendant shareholder, John Frey, on the ground that there is no basis to pierce the corporate veil.
In response to the defendants' argument that contracts for permanent employment are terminable at will, Greene argues that his allegations are sufficient to establish the existence of a contract that exempted him from the realm of being an "at will" employee. As a general rule, "contracts of permanent employment, or for an indefinite term, are terminable at will." Burnham v. Karl Gelb, P.C., 252 Conn. 153, 159,745 A.2d 178 (2000). The employment at will relationship, however, can be modified by agreement of the parties. Toroysan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. 1, 15, 662 A.2d 89 (1995).
Although he does not purport to label explicitly the type of contract at hand, Greene alleges facts indicating that the defendants' oral representations created an implied agreement between the parties. In order for this court to sustain Greene's objection to the motion to strike, "the plaintiff [must allege] that the employer had agreed, either by words or action or conduct, to undertake some form of actual contract commitment to him under which he could not be terminated without just cause." (Brackets omitted; internal quotation marks omitted.) Gaudio v.Griffin Health Services Corp., 249 Conn. 523, 556, 733 A.2d 197 (1999). The defendants' argue that Greene's allegations constitute nothing more than "at will" employment because Greene has failed to allege that the defendants promised him he would not be terminated without just cause.
The defendants are correct that Greene has not made allegations using the term "just cause." Instead, Green has alleged that the defendant John Frey represented to him that, if Greene joined HMP, his employment would be for life; he would be "set for life"; and, that HMP and its shareholders would at all times treat him fairly and on the same basis as if he were a member of the shareholders' immediate family. This language is similar to that contained in the employee manual at issue in Gaudiov. Griffin Health Services Corp., supra, 249 Conn. 536, where the Supreme CT Page 9343 Court held that "the jury reasonably could have inferred the presence of an implied contract not to terminate the plaintiff except for just cause." The language in the manual stated that the defendant would "protect the privileges, interests, and benefits of its employees" and treat them "reasonably," "equitably," and "uniformly." Id. The manual contained four separate statements in which the defendant promised that it would be "fair" in its dealings with employees and in three statements that it would treat all employees consistently." Id. Although he fails to use the words, "just cause," this court is of the opinion that the plaintiff has included facts similar to those in Gaudio and sufficient to support a jury's finding of an implied contract of employment. "[W]hat is necessarily implied in an allegation need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . ." (Brackets omitted; citations omitted.) Doe v. Yale University, 252 Conn. 641, 667,748 A.2d 834 (2000). "[T]he plaintiff need not resort to the incantation of magic words. Instead, its pleading must be held to satisfy the-requirement of the Practice Book if the facts set forth therein, including all facts necessarily to be implied therefrom, support the essential elements of the cause of action." O'Connell v. BridgeportHospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362525 (May 17, 2000, Skolniak, J.).
The defendants argue that, if count one is found to be legally sufficient, it should at least be stricken as to the individual defendant, John Frey, because there is no ground to pierce the corporate veil. "It is undisputed that in Connecticut a court will disregard the corporate structure and pierce the corporate veil only under exceptional circumstances . . . (Internal quotation marks omitted.) SFA FolioCollections, Inc. v. Bannon, 217 Conn. 220, 230, 585 A.2d 666 (1991), cert. denied, 501 U.S. 1123, 111 S.Ct. 2839. "Courts will . . . disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor." Angelo Tomasso, Inc. v. ArmorConstruction and Paving, Inc., 187 Conn. 544, 552, 447 Conn. 406 (1982).
In applying legal doctrines regarding piercing the corporate veil, a stockholder may be found liable under either the "instrumentality" rule or the "identity" rule. "[T]he instrumentality rule requires proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the CT Page 9344 corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or unjust act in contravention of the plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." (Internal quotation marks omitted.) Season-AllIndustries, Inc. v. R.J. Grosso, Inc., 213 Conn. 486, 490, 596 A.2d 32
(1990). "The identity rule has been stated as follows: If plaintiff can show that there was such a unity of interest and ownership that the independence of the corporation had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise. . . ." (Citations omitted; internal quotation marks omitted.) Angelo Tomasso, Inc. v. Armor Construction andPaving, Inc., supra, 187 Conn. 554. The identity rule "primarily applies to prevent injustice in the situation where two corporate entities are, in reality, controlled as one enterprise because of the existence of common owners, officers, directors or shareholders and because of the lack of observance of corporate formalities between the two entities." Id., 560. "The rule may also be employed in an appropriate case to hold an individual liable." Id.
In his complaint, Greene alleges that John Frey, as majority shareholder of HMP, made the representations to him that induced Greene to accept employment with HMP. This court finds that these allegations would best be interpreted to mean that Frey was acting in a representative capacity for HMP and neither the instrumentality or the identity rule could be held to apply. For this reason, the defendants' motion to strike count one, only as to the individual defendant, is granted.
 II
In count four of the complaint, the plaintiff alleges that the defendants breached their contract by firing him after he sold his shares of the company to the individual defendants in exchange for continued employment. The defendants, corporate and individual, move to strike count four on the ground that it is legally insufficient because, like the contract alleged in count one, contracts-for permanent employment are terminable at will. The individual defendants further argue that if count four is not insufficient as a matter of law, it too must be stricken as to them on the ground that there is no basis to pierce the corporate veil. CT Page 9345
An employee plaintiff may be exempted from the general rule of employment at will when he is found to have relied significantly on the defendant employer's representations. "[T]he courts have occasionally found an implied promise to discharge only for cause in the circumstances of particular employment relationships. . . . In appropriate circumstances, such an agreement may arise when an employee, in reliance on an implied representation that the position will not arbitrarily be terminated . . . acts in reasonable and significant reliance on the representation." Magnan v. Anaconda Industries, Inc., 193 Conn. 558,564-65, 479 A.2d 781 (1984).
In the present case, the plaintiff Greene alleges that the defendant shareholders induced Greene into selling his shares of the company at an unfairly low price with promises of continued employment with the company. This court is satisfied that these allegations are sufficient to withstand the defendants' motion to strike.
The defendants argue that if count four is not stricken by the court in its entirety, it should be stricken as to the individual defendants on the ground that there is no basis to pierce the corporate veil. Unlike count one, where this court found insufficient allegations to support the plaintiff's claim that the corporate veil should be pierced, count four, where Greene alleges that the individual defendants induced him to sell his shares at an unfairly low price, is sufficiently pled against the individual defendants. The complaint further states: "Each of the individual Defendants, in addition to conspiring with each of the other individual Defendants . . . aided and abetted the wrongful acts of each of the other individual Defendants by giving one another substantial encouragement and assistance in acting unlawfully vis-a-vis Plaintiff." (Emphasis in original.) This court finds that these allegations are sufficient to meet the requirements of either the instrumentality or the identity rule. "When the statutory privilege of doing business in the corporate form is employed as a cloak for the evasion of obligations, as a mask behind which to do injustice, or invoked to subvert equity, the separate personality of the corporation will be disregarded." DeMartinov. Monroe Little League, Inc., 192 Conn. 271, 275, 471 A.2d 638 (1984). For this reason the court declines to grant the defendants' motion to strike count four against the individual defendants.
The motion to strike count one is granted against the individual defendant only. The motion to strike count four is denied.
The Court
By Nadeau, J. CT Page 9346