[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNT FOUR
The plaintiff Diana Brightly brings this lawsuit for money damages arising out of her termination from employment by the defendant Abbott Terrace Health Center, Inc. Her complaint was originally filed in four counts. Count One alleged discrimination on the basis of race, in violation of the Fair Employment Practices Act, Conn. Gen. Stat. §46a-60. Count Two alleged intentional infliction of emotional distress. Count Three alleged that the plaintiff was wrongfully discharged, under the common law. Count Four alleged that the defendant breached the implied covenant of good faith and fair dealing in the employment contract by discharging the plaintiff from employment.
The defendant filed a Motion to Dismiss, which, after a tortured procedural history, was finally presented for oral argument in November 2000 and decided by the court in February 2001. The court (Rogers, J.) dismissed Counts One and Three. The decision to dismiss the first count was premised on the failure of the plaintiff to have exhausted her administrative remedies under 46a-60. The third count for common law wrongful discharge was dismissed because such an action can be maintained only when the employee is "otherwise without remedy." Burnham v. Karl Gelb, P.C., 252 Conn. 153, 161, 745 A.2d 178 (2000), adopting the view of the Appellate Court in Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648, 501 A.2d 1223 (1985). Having failed to properly exhaust her administrative remedies, she could not use a common law wrongful discharge claim as an alternative.
Count Two, the intentional infliction of emotional distress claim, and Count Four, the breach of the implied covenant of good faith and fair dealing claim, remained. The defendant now moves to strike Count Four, asserting that the requirements of the law relating to the maintenance of a breach of good faith claim in an employment termination case are no CT Page 15941-md different from the requirements to maintain a tortious wrongful discharge claim. See, e.g., Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572
(1984). Wrongful discharge, whether framed in tort or contract, is a single theory of liability. Id.
In order to be logically consistent, as well as legally correct, the claim of breach of the implied covenant of good faith and fair dealing must be disposed of according to the same rationale as the tortious wrongful discharge claim. Neither cause of action is permitted in a situation where the plaintiff could have availed herself of another legal remedy. See, Burnham v. Karl Gelb, P.C., supra.
The Motion of the Defendant to Strike Count Four is granted.
Patty Jenkins Pittman, J.