[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
INTRODUCTION
The complaint in this case is in three counts. In a claim for intentional infliction of emotional distress, Count One alleges actions by the defendant which are claimed to have been extreme and outrageous. In a claim for negligent infliction of emotional distress, Count Two reasserts the allegations of "extreme and outrageous" acts contained in Count One. In a claim for wrongful discharge, Count Three alleges that the plaintiff was discharged by the defendant because of her alcoholism, in violation of Connecticut public policy. The defendant has moved to strike all three counts.
The acts alleged to have been extreme and outrageous are, in paraphrased form:
 The plaintiff was the subject of gossip and untruthful statements made in the workplace, apparently at the instigation of officials of the defendant;
 The plaintiff was followed wherever she went in the workplace, apparently at the direction of the defendant;
 The plaintiff was falsely and maliciously accused of being drunk in the workplace by agents of the defendant;
 Immediately after she was discharged, the plaintiff was forcibly escorted from the workplace by a security guard; and
 In its defense of the plaintiff's unemployment compensation claim, the defendant falsely stated that the plaintiff was discharged for misconduct.
DISCUSSION
 Count One and Count Two
The issue presented as to Count One and Count Two is whether the acts CT Page 15827 alleged were extreme and outrageous. As the court said in Appleton v.Board of Education of Stonington, 254 Conn. 205 (2000), "Whether a defendant's conduct is sufficient to satisfy the requirements that it be extreme and outrageous is initially a question for the court to determine. . . . Only where reasonable minds disagree does it become an issue for the jury." (Citations omitted.) Id., 210.
Our Supreme Court has already. determined the actionability of two of the types of acts alleged. In Parsons v. United Technologies Corp.,243 Conn. 66 (1997), the court decided that forcibly escorting a discharged employee from the workplace is not actionable, and said: ". . . [I]t is not patently unreasonable for an employer to remove a discharged employee from its premises under a security escort." (Citation omitted.) Id., 89. In Petyan v. Ellis, 200 Conn. 243 (1986), the court held that an employer's response to a claim for unemployment compensation benefits is absolutely privileged and therefore not actionable.
No appellate cases from Connecticut concerning the other three types of acts alleged have come to the court's attention. Giving those allegations their most expansive interpretation, and applying the court's own values, it is determined that a trier could find an employer's conducting a false whispering campaign, an employer's having an employee followed throughout the workplace and an employer's falsely and maliciously accusing an employee of being drunk in the workplace, whether taken separately or collectively, are extreme and outrageous.
Count Three
In Count Three the plaintiff alleges that she was an alcoholic and that, "The defendant in reality terminated the plaintiff's employment because of her aforesaid illness, in violation of the public policy of the State of Connecticut." The defendant responds that if Connecticut has a public policy against discharging employees for alcoholism, that policy is contained in Chapter 814c of the General Statutes ("Chapter 814c") entitled "Human Rights and Opportunities." (All further section references are to sections of the General Statutes contained in Chapter 814c.) The defendant then argues that if discharging an employee for alcoholism violates any provision of Chapter 814c, the exclusive remedy for such a violation is contained in Chapter 814c, so that a common law action to redress such a violation does not lie. The portions of Chapter 814c which are pertinent to Count Three are:
Section 46a-51(15), which states, in relevant part:
 "Physically disabled" refers to any individual who has any chronic physical infirmity or impairment, CT Page 15828 whether congenital or resulting from bodily injury, processes or changes or from illness. . . ."
 Section 46a-60(a)(1), which provides that discharging an employee because of physical disability is a discriminatory practice;
 Section 46a-82, which provides that any person claiming to be a victim of a discriminatory practice may file a complaint with the Commission on Human Rights and Opportunities (CHRO); and
 Section 46a-100, which provides that suit may be instituted against a party who allegedly committed a discriminatory practice only after CHRO has, to the dissatisfaction of the complainant, decided to take no further action on the complaint.
Chapter 814c constitutes a complete administrative scheme to deal with complaints of discriminatory practices. The court reads Burnham v. KarlGelb, P.C., 252 Conn. 153 (2000), to hold that a common law action for wrongful discharge lies only where an employee is otherwise without remedy. Id., 159. If alcoholism is a physical disability, Chapter 814c provides a remedy for the plaintiff's alleged wrongful discharge, and, thereby, preempts any common law remedy.
Chapter 814c not only constitutes the vehicle for handling complaints of discriminatory practices, it also defines those discriminatory practices exhaustively. If alcoholism is not a physical disability as defined in § 46a-51(15), then Connecticut does not have a public policy against discharging employees for alcoholism.
In sum, if alcoholics are protected by Chapter 814c, the plaintiff's remedy lies within that chapter. If alcoholics are not protected by Chapter 814c, then Connecticut has no public policy against discharging employees for alcoholism.
CONCLUSION
The motion to strike is denied as to Count One and Count Two, and it is granted as to Count Three.
G. Levine, J.