[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: FAMILY SUPPORT MAGISTRATE APPEAL (#114)
 FACTS
The plaintiff[1], the state of Connecticut (state), has appealed pursuant to General Statutes § 46b-231 (n) the decision[2] of family support magistrate, Alvord, F.S.M., granting the defendant's, Charlie Jarmon (Jarmon), motion for order to vacate the bureau of child support enforcement's (bureau) order[3] to withhold funds from Jarmon's bank account. Since the filing of this action, the department of social services, office of legal counsel, regulations and administrative hearings (department) has denied Jarmon's appeal of the bureau's order and his subsequent motion for reconsideration. On September 20, 2001, Jarmon filed an appeal of the department's final decision with the Superior Court. Because Jarmon has exhausted his administrative remedies, his pending appeal of the department's final decision is properly before the Superior Court in the separate action filed on September 20, 2001.
 DISCUSSION
I. Exhaustion of Administrative Remedies
Jarmon failed to exhaust his administrative remedies when he filed a motion for order with the court, before the department rendered its decision on his administrative hearing. "It is a settled principle of administrative law that if an adequate administrative remedy exists, it CT Page 1420 must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . [The Connecticut Supreme Court has] frequently held that where a statute has established a procedure to redress a particular wrong a person must follow the specified remedy and may not institute a proceeding that might have been permissible in the absence of such a statutory procedure." (Citations omitted; internal quotation marks omitted.) Fish Unlimited v. Northeast Utilities Service Co., 254 Conn. 1,11-12, 756 A.2d 262 (2000).
In the present case, "[t]he requirement of exhaustion . . . arise[s] from explicit statutory language . . . providing for agency relief." (Internal quotation marks omitted.) Johnson v. Statewide GrievanceCommittee, 248 Conn. 87, 97, 726 A.2d 1154 (1999). Pursuant to General Statutes § 17b-60,[4] Jarmon requested a fair hearing from the department regarding the withholding of his bank account assets. Thereafter, General Statutes § 4-183 (a)[5] required Jarmon to await the department's decision on his administrative hearing before he sought judicial review. Failing to await the department's decision, Jarmon instead filed a motion for order with the court requesting the same relief he sought through his hearing, that is, the removal of the withholding on his bank account. (Transcript p. 8.) When a defendant, such as Jarmon, has "available to him administrative remedies that could have afforded him meaningful relief . . . [h]is failure to [properly pursue those remedies] forecloses his access to judicial relief, because it deprive[s] the trial court of jurisdiction. . . . In addition, when a [defendant] fail[s] to follow the administrative route prescribed by the legislature for his claim . . . [he] fails to exhaust his . . . administrative remedies." (Citations omitted; internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., 252 Conn. 153, 168-169,745 A.2d 178 (2000).
A. Exhaustion Doctrine Rationale
"[T]he two part rationale for the exhaustion doctrine is: (1) to effectuate the legislative intent that the issue in question be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment . . . and (2) to relieve courts of the burden of prematurely deciding questions that may be resolved satisfactorily through the administrative process. . . . Moreover, judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise discretion or apply its expertise. . . . [I]t is possible that frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures." (Citations omitted; internal quotation marks omitted.) CT Page 1421Johnson v. Statewide Grievance Committee, supra, 248 Conn. 96.
II. Family Support Magistrates' Jurisdiction, Powers and Duties.
The magistrate did not have subject matter jurisdiction to vacate the bureau's order before the department had rendered its decision subsequent to Jarmon's fair hearing. General Statutes § 46b-231 (m) defines the powers and duties of the magistrate court. The authority to usurp a statutory process and grant review of a matter prior to the exhaustion of available administrative remedies is not one of the powers or duties of the magistrate court. By vacating the withholding of Jarmon's bank account assets, the magistrate interrupted the administrative process and granted review of a matter outside of her jurisdiction. As a result of the magistrate's order, the state was aggrieved and this appeal subsequently followed.
"`A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' . . .Office of Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 640, 662 A.2d 1251 (1995). Pursuant to General Statutes § 46b-231 (n)(1), `[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section.' `The two part test for aggrievement by a particular decision is well established. First, the person claiming to be aggrieved must have a specific, personal and legal interest in the subject matter of the decision, as distinguished from the general interest of the community as a whole. Second, the person must establish that his or her interest has been specially and injuriously affected by the decision.' Newman v. Newman, 235 Conn. 82, 103, 663 A.2d 980 (1995)."Elliot v. Mountzoures, Superior Court, judicial district of New London at Norwich, Docket No. 103669 (March 10, 2000, Kenefick, J.). Because the magistrate ordered removal of the hold on Jarmon's bank account assets and found no arrearage owed to the state, the decision of the magistrate specially and injuriously affected a specific and legal interest of the state. In addition, the state brought its appeal "not later than fourteen days after filing of the final decision" in accordance with General Statutes § 46b-231 (n)(2). Furthermore, the court timely received "a certified copy of the entire record of the proceeding appealed from. . . ." pursuant to General Statutes § 46b-231 (n)(3).
 CONCLUSION
It is the court's opinion that the magistrate lacked subject matter jurisdiction to vacate an order of the bureau to withhold funds from Jarmon's bank account. Therefore, the court reverses the magistrate's order because it is: "(A) In violation of . . . statutory provisions; (B) CT Page 1422 in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure . . . (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . [and] (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." General Statutes § 46b-231 (n)(7)(A)(B)(C)(E)(F). Because Jarmon properly filed an appeal of the department's decision, no further action is required by this court.
Dubay, J.