[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS #114
On November 26, 1997, the plaintiff, Theresa Denning, filed a ten-count amended complaint against her employer, Admarket International, alleging discrimination on the basis of a disability (breast cancer) in violation of General Statutes §46a-60, et seq., in count one and gender discrimination in violation of § 46a-60, et seq., in count two. The defendant filed timely motion to dismiss the first and second counts of plaintiff's amended complaint for lack of subject matter jurisdiction. The plaintiff filed a timely objection to the motion to dismiss; and the defendant filed a reply memorandum in support of the motion to dismiss.
The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2)lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. Practice Book § 143, now Practice Book (1998 Rev.) § 10-31 (a). A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991).
The defendant insists that the court lacks subject matter jurisdiction over the first two counts of the plaintiff's complaint because the plaintiff failed to obtain a release to sue from the CHRO. (Defendant's Memorandum, p. 2.) The defendant argues that a release to sue from the CHRO is a prerequisite to CT Page 9533 bringing an employment discrimination action in the superior court. See General Statutes §§ 46a-100,[1] and 46a-101.[2]
The plaintiff argues that the doctrine of exhaustion of administrative remedies is inapplicable to the instant action because the plaintiff is seeking compensatory damages for emotional distress, punitive damages and attorney's fees which are not available through the CHRO. (Plaintiff's Memorandum, pp. 2-3.) The plaintiff further argues that even if the court finds that the plaintiff had a duty to exhaust her administrative remedies, the plaintiff first brought her complaint to the CHRO and it was dismissed. (Plaintiff's Memorandum, pp. 3-4.) Therefore, the plaintiff insists that she has in fact exhausted her administrative remedies. (Plaintiff's Memorandum, pp. 2-3.) In addition, the plaintiff argues that because the CHRO and the Equal Employment Opportunity Commission (hereinafter, EEOC) have entered into a worksharing agreement, the plaintiff's receipt of a right to sue letter from the EEOC, dated December 4, 1997, acted as a release to sue from the CHRO. (Plaintiff's Memorandum, pp. 3-4.)
The CHRO does not have the authority to award attorney's fees and punitive damages. Bridgeport Hospital v. Commission on HumanRights Opportunities, 232 Conn. 91, 653 A.2d 782 (1995). This court has previously addressed the issue in Rappoport v. LifeGalley, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324861 (Melville, J.) (January 27, 1997). "Some courts have determined that when a plaintiff seeks punitive damages, the remedies provided by the CHRO are inadequate, and therefore a plaintiff need not exhaust the available administrative remedies." See Rappoport v. Life Galley, Inc.,supra, Superior Court, Docket No. 324861 and cases cited therein. "However, the court in Murphy v. Young, Superior Court, judicial district of New Haven at Meriden, Docket No. 244076 (November 22, 1995) (Silbert, J.) [aff'd on other grounds, 44 Conn. App. 677,692 A.2d 403 (1997)], stated that `[t]he exhaustion doctrine would be totally meaningless if all a plaintiff had to do to avoid the statutorily prescribed process was to add to its prayer for relief a remedy not available to it through CHRO.'" Rappoport v. Life Galley,Inc., supra, Superior Court, Docket No. 324861. Accordingly, the court in Murphy determined that although the remedies available through the CHRO are not exhaustive, they are also not plainly inadequate. Id. See also Block v. Connecticut Distributors, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327673, 16 CONN. L. RPTR. 634 (May 3, 1996) (Levin, J.). CT Page 9534 Additionally, in Davis v. Critikon, United States District Court, District of Connecticut, Docket No. 95-CV-1694 (September 20, 1996), the court, applying Connecticut law, held that the CHRO has the power to award back pay, and future monetary relief, therefore, the administrative remedy is not inadequate. Rappoportv. Life Galley, Inc., supra, Superior Court, Docket No. 324861. Accordingly, the Davis court dismissed the plaintiff's §46a-60 claim for lack of subject matter jurisdiction because of the plaintiff's failure to exhaust her administrative remedies by not appealing the decision of the CHRO or obtaining a release to sue from the CHRO pursuant to General Statutes § 46a-101. Id.
"The better and more persuasive line of reasoning is expressed in the Block and Davis cases." Id. This court therefore concludes that the doctrine of exhaustion of administrative remedies is applicable to the instant action even though the plaintiff is seeking compensatory damages for emotional distress, punitive damages and attorney's fees.
Although she did not obtain a release, the plaintiff, nevertheless, insists that she has exhausted her administrative remedies because the CHRO dismissed the action prior to her filing with the court. The plaintiff, relying on Fritz v.Guida-Fenton Ophthalmology, Superior Court, judicial district of New Haven at New Haven, Docket No. 398121, 20 CONN. L. RPTR. 448 (September 18, 1997) (Silbert, J.), argues that plaintiffs seeking remedies not available through the CHRO need not fully exhaust available administrative remedies if they have at least filed a complaint with the CHRO and given that agency an opportunity to address it before filing suit. (Plaintiff's Memorandum, 3.) With this argument the court agrees.
The plaintiff in Fritz v. Guida-Fenton Ophthalmology, supra, Superior Court, Docket No. 398121, 20 CONN. L. RPTR. 448, had filed a complaint with the CHRO, which dismissed the complaint and denied her request for reconsideration. She did not appeal these decisions but rather turned to the Superior Court, and the defendants moved to dismiss because she did not fully exhaust her administrative remedies. Id. The court denied the motion to dismiss stating that "the plaintiff has sufficiently pursued the administrative remedies available to her and need not undertake further and futile steps to exhaust them totally by turning to the courts." Id. Here, the plaintiff filed a complaint with the CHRO on January 21, 1997 and her complaint was dismissed on April 22, 1997 (Plaintiff's Memorandum, p. 3.) The plaintiff then filed a complaint in the Superior Court on June 10, 1997.[3]
CT Page 9535
The cases in which courts have dismissed civil actions on the basis of failure to exhaust administrative remedies generally involve plaintiffs who had not filed any claim at all with the CHRO prior to filing the civil action, or who had not waited for a decision from the CHRO and failed to obtain a release to sue. See Dinegar v. University of New Haven, Superior Court, Judicial district of New Haven at New Haven, Docket No. 378256 (October 16, 1997) (Silbert, J.) and cases cited therein. Many, although not all, of the decisions that have allowed a plaintiff to pursue an action in the Superior Court for remedies unavailable through CHRO have involved plaintiffs who had at least taken the step of filing a claim with the CHRO prior to filing an independent civil action. See Dinegar v. University of New Haven, supra, Superior Court, Docket No. 378256 and cases cited therein.
The principle that appears to emerge from all of these cases is that plaintiffs seeking remedies not available through the CHRO need not fully exhaust the complete panoply of their available administrative remedies if they have at least filed a complaint with CHRO and , given that agency an opportunity to address it before filing suit. Id. "This approach is faithful to the basic principles of the exhaustion doctrine and prevents would-be plaintiffs from simply engaging in an end run around the agency by reciting a demand for remedies that he or she knows the agency is unable to provide." Id.
The court observed in Charbonneau v. United Grinding, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 468279 (Arena, J.) (November 20, 1995):
 "The rationale behind the exhaustion doctrine is to let the experience of the administrative agency have the first attempt at resolving these claims. After the plaintiff has made a good faith effort at the administrative process, as the plaintiff did here, then it is up to the court to provide an avenue for the relief the administrative agency is unable to award. In the case at hand, after the plaintiff's complaint was dismissed by CHRO, any further appeal or reconsideration would have been futile. The plaintiff's good faith attempt at the administrative process does not leave him without relief."
This court similarly concludes that the motion to dismiss in the present case should be denied because the plaintiff has sufficiently pursued the administrative remedies available to her CT Page 9536 by filing a complaint with the CHRO and giving that agency an opportunity to address it before filing suit. Accordingly, the motion to dismiss is hereby denied.[4]
MELVILLE, J.