[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#101)
 I. BACKGROUND
On September 22, 1999, the plaintiff, Carl Delvecchio, filed a two count complaint against the defendant, Griggs Browne Company, Inc., alleging that the defendant wrongfully terminated his employment in CT Page 4992 retaliation for opposing a discriminatory employment practice, and that this conduct was in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA).
Specifically, the plaintiff alleges that he was employed as a manager for the defendant. He further alleges that an officer of the defendant, Michael Griggs, sexually harassed the plaintiff's co-worker. The plaintiff claims that his employment was wrongfully terminated when he interceded on behalf of his co-worker, and that this conduct was in violation of CUTPA.
The defendant filed a motion to dismiss on November 10, 1999 and a memorandum of law in support. The plaintiff filed an objection to the defendant's motion on November 23, 1999 and a memorandum of law in support. A reply memorandum was filed by the defendant on February 14, 2000.
 II. DISCUSSION
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, . . ." Practice Book § 10-31;Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.)Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor. . . ." (Citation omitted; internal quotation marks omitted.) Thomas v.West Haven, 249 Conn. 385, 392, 734 A.2d 535 (1999).
"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citation omitted.) Drumm v. Brown,245 Conn. 657, 676, 716 A.2d 50 (1998).
The defendant filed the present motion to dismiss on the ground that this court lacks subject matter jurisdiction over the plaintiff's claims because (1) he has failed to exhaust the CT Page 4993 administrative remedies required by the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-60 et seq.; (2) his administrative remedies are barred by the statute of limitations; and (3) he has failed to state a legally cognizable cause of action under the CUTPA.
 COUNT ONE A. EXHAUSTION OF ADMINISTRATIVE REMEDIES
The defendant first contends that the plaintiff failed to exhaust his administrative remedies pursuant to the CFEPA, thus, the plaintiff's complaint should be dismissed because the court lacks subject matter jurisdiction. The CFEPA provides, in relevant part: "(a) It shall be a discriminatory practice in violation of this section: (4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under section 46a-82, 46a-83 or 46a-84; . . ." General Statutes § 46a-60 (a)(4).
The CFEPA further provides a specific procedure by which to file a discriminatory practice complaint. Section 46a-82 (a) provides, in pertinent part: "Any person claiming to be aggrieved by an alleged discriminatory practice, except for an alleged violation of section46a-68, may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission." (Emphasis added.). In general, said complaint must be filed within one hundred and eighty days after the alleged act of discrimination. See General Statutes § 46a-82 (e).
The Connecticut Supreme Court has held that the legislature's use of the word "may" makes the filing of a complaint with the Commission on Human Rights and Opportunities (CHRO) mandatory. See Sullivan v.Board of Police Commissioners, 196 Conn. 208, 215, 491 A.2d 1096
(1985). "The provisions of the CFEPA that prohibit discriminatory employment practices; General Statutes §§ 46a-58 through 46a-81; must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO." Id. In Sullivan, supra, the defendant sought to dismiss the plaintiff's CFEPA action because the plaintiff failed to first CT Page 4994 exhaust his administrative remedies. The Court held that "having failed to follow the administrative route that the legislature has prescribed for his claim of discrimination, [the plaintiff] lacks the statutory authority to pursue that claim in the Superior Court." Id., 216; see also Thibault v. Woodward Governor Co., Superior Court, judicial district of Litchfield, Docket No. 058982 (June 2, 1992,Dranginis, J.) (7 C.S.C.R. 1064); Murphy v. Midwestern ConnecticutCouncil on Alcoholism, Superior Court, judicial district of Litchfield, Docket No. 051423 (August 6, 1990, Pickett, J.) (2 Conn. L. Rptr. 203, 204). Accordingly, if the plaintiff was subject to the provisions of the CFEPA, he would have been required to first file a complaint with the CHRO prior to filing a civil cause of action, given the mandatory provisions of the CFEPA.
It is undisputed that the plaintiff in the present matter did not file a complaint with the CHRO within one hundred and eighty days of the alleged discriminatory practice. The issue for this court is whether the plaintiff was required to file such complaint pursuant to the provisions of the CFEPA, given the circumstances of this case. Here, the plaintiff was not the victim of the sexual harassment complained of. Rather, the plaintiff interceded and complained to his supervisors on behalf of a co-worker who was subjected to the alleged harassment. Thus, the plaintiff contends that he was not subject to the provisions of the CFEPA since he was not the immediate target of the alleged discriminatory practice.
The plain language of the statute, however, indicates that the plaintiff was required to have filed a complaint with the CHRO. The statute clearly states that it is. a discriminatory practice for any employer to discharge, expel or otherwise discriminate against any person because he has opposed any discriminatory employment practice or because he has filed a complaint or testified or assisted in any proceeding under other provisions of the CFEPA. Here, the plaintiff opposed a discriminatory practice when he filed a complaint with his superiors regarding the alleged sexual harassment of a co-worker. For the defendant to have terminated the plaintiff's employment in retaliation for having filed said complaint constituted a discriminatory practice, in violation of § 46a-60 (a)(4). As such, this court finds that the plaintiff was subject to the provisions of the CFEPA.
It is worthy of note, however, that even though the provisions of the CFEPA were applicable to the plaintiff, judges of the superior court have held that "the statute does not preclude plaintiffs from bringing common law claims based on the same facts which might give CT Page 4995 rise to a claim for sexual harassment under FEPA. There is nothing in the FEPA statutes indicating that the administrative remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under FEPA." (Internal quotation marks omitted.) Cantaverov. Horizon Meat Seafood Distributors, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152918 (April 22, 1997, Nadeau, J.) (19 Conn.L.Rptr. 333, 333-34);Paradise v. Times Fiber Communications, Inc., Superior Court, judicial district of New Haven, Docket No. 238479 (June 27, 1986,Hadden, J.) (1 C.S.C.R. 444, 445).
"There is no indication in the statute that the legislature intended to preempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed remedies contained in Sec. 46a-51 et seq. To the contrary, there are many cases in which parties have brought common law claims in addition to claims under Sec. 46a-60." (Internal quotation marks omitted.) Cantavero v. Horizon Meat Seafood Dist., supra,19 Conn. L. Rptr. 335; Shyrer v. Associated Pulmonologists of WesternConnecticut, Superior Court, judicial district of Danbury, Docket No. 319434 (April 15, 1996, Moraghan, J.) (16 Conn.L.Rptr. 539, 540). "Therefore, common law causes of action, such as tort claims, are not preempted by FEPA." Cantavero v. Horizon Meat Seafood Dist., supra;Brewer v. Wilcox Trucking, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 479546 (September 26, 1997, Stengel, J.); Rene v. The Institute, Inc., Superior Court, judicial district of Danbury, Docket No. 325074 (December 3, 1996,Moraghan, J.) (18 Conn.L.Rptr. 316, 318-19); Chelstowski v. NewHorizon Manufacturing, Inc., Superior Court, judicial district of New Haven, Docket No. 248096 (August 18, 1987, Schaller, J.) (2 C.S.C.R. 962, 963). As such, this court finds that the plaintiff was subject to the provisions of the CFEPA.
 B. EXCEPTIONS TO EXHAUSTING ADMINISTRATIVE REMEDIES
Although the plaintiff was subject to the provisions of the CFEPA, the plaintiff would not be compelled to first exhaust his administrative remedies where, as here, an exception to that rule applied. "The doctrine of exhaustion of administrative remedies is well-established in the jurisprudence of administrative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. . . . The doctrine is applied in a number of different situations and is, like most judicial doctrines, subject CT Page 4996 to . . . exceptions. Application of the doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." (Internal quotation marks omitted.)Johnson v. Statewide Grievance Committee, + 248 Conn. 87, 95,726 A.2d 1154 (1999).
"Despite the important public policy considerations underlying the exhaustion requirement, [the court has] grudgingly carved several exceptions from the exhaustion doctrine. . . . [The court has] recognized such exceptions, however, only infrequently and only for narrowly defined purposes." Id., 103-04. The Court has "recognized an exception to the exhaustion requirement where recourse to the administrative process is futile or provides an inadequate remedy. . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." Payne v. FairfieldHills Hospital, 215 Conn. 675, 680 n. 3, 578 A.2d 1025 (1990); see also Hunt v. Prior, 236 Conn. 421, 432, 673 A.2d 514 (1996).
In the present matter, the plaintiff seeks compensatory damages, punitive damages, attorney's fees, interests and costs. The CHRO is without authority to award a prevailing party attorney's fees, costs, punitive or compensatory damages or damages for emotional distress. See Bridgeport Hospital v. Commission on Human Rights andOpportunities, 232 Conn. 91, 102, 111, 653 A.2d 782 (1995).
There is a split among the judges of the superior court regarding the issue of whether a plaintiff must first file a complaint with the CHRO notwithstanding the fact that the damages he is seeking are not awardable. The first line of cases has held that when a plaintiff seeks punitive or compensatory damages the plaintiff must still proceed by filing a complaint with the CHRO before instituting a cause of action in the superior court even though the CHRO does not have the authority to award these types of damages. Denning v.Admarket International, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343964 (July 1, 1998, Melville,J.); Matejek v. New England Technology Institute of Connecticut,Inc., Superior Court, judicial district of New Haven, Docket No. 404320 (April 7, 1998, Blue, J.); Rene v. The Institute, Inc., supra, Superior Court, 18 Conn.L.Rptr. 318; Webb v. Ethan Allen, Inc.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147289 (February 23, 1996, Karazin, J.); Murphy v. Young,
Superior Court, judicial district of New Haven, Docket No. 244076 (November 22, 1995, Silbert, J.).
Alternatively, other judges of the superior court have held that CT Page 4997 where a plaintiff seeks punitive damages, costs or compensatory damages not authorized by statute, the administrative remedy is inadequate. See Chertkova v. Connecticut Specialty, Superior Court, judicial district of New Britain (February 22, 1999, Robinson, J.);Cantavero v. Horizon Meat Seafood Dist., supra,19 Conn.L.Rptr. 333;Dinegar v. University of New Haven, Superior Court, judicial district of New Haven, Docket No. 378256 (November 30, 1995,Fracasse, J.); Devoid v. Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995, Pickett, J.); Cross v. Nearine, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995, Wagner, J.); Seebeck v. McLaughlin ResearchCorp., Superior Court, judicial district of New London at New London, Docket No. 530884 (February 16, 1995, Hendel, J.).
This court has previously aligned itself with the latter line of cases allowing a plaintiff to file a civil action where the remedy sought could not be provided through the pertinent administrative process. See Duerr v. Groton Municipal Employee's Federal CreditUnion, Superior Court, judicial district of New London at New London, Docket No. 538846 (October 6, 1998, Hurley, Judge Trial Referee);Griswold v. Blackburn Janitorial, L.C.C., Superior Court, judicial district of New London at New London, Docket No. 534256 (August 22, 1996, Hurley, Judge Trial Referee) Stevens v. E.R. Champion Sons,Inc., Superior Court, judicial district of New London at New London, Docket No. 527449 (May 26, 1994, Hurley, Judge Trial Referee).
Accordingly, this court determines that since the plaintiff seeks compensatory and punitive damages, as well as fees and costs, the plaintiff was excused from having to first proceed through the administrative process provided for in the CFEPA.
 C. COMMON-LAW ACTION FOR WRONGFUL TERMINATION
Lastly, this court must determine whether the plaintiff may maintain a cause of action for "wrongful termination" in Connecticut. "In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 480,427 A.2d 385 (1980), [the Court] recognized that it is a general proposition that contracts of permanent employment, or for an indefinite term, are terminable at will. . . . In Sheets, however, [the Court] recognized a common law cause of action in tort for the discharge of an at will employee if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Citations omitted; emphasis in original; internal quotation CT Page 4998 marks omitted.) Burnham v. Karl Gelb, P.C., 252 Conn. 153, 158-59, ___ A.2d ___ (2000). "In interpreting this exception, [the court notes its] adherence to the principle that the public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one. . . . [The court is] mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." (Internal quotation marks omitted.) Id., 159.
In Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 501 A.2d 1223
(1985), the Appellate Court recognized a limitation on the public policy exception to the at-will doctrine. The court concluded that "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." Id., 648.
Where "remedies available before the CHRO are not adequate to redress the damages . . . pleaded. . . . [and] [b]ecause the public policy against sexual harassment cannot always be adequately enforced under FEPA, a common law claim for wrongful termination should be allowed where money damages are sought without the appearance of frivolity or intention merely to circumvent the Commission." Cantavero v. HorizonMeat Seafood Distributors, Inc., supra, Superior Court,19 Conn. L. Rptr. 336. In the present matter, the central allegation of the plaintiff's complaint is that he was discharged because he complained to a supervisor about the alleged sexual harassment of a co-worker by an officer of the defendant. Surely, termination based on complaints of sexual harassment in the workplace violates public policy. As this court has previously noted, the plaintiff was not first required to file a complaint pursuant to the provisions of the CFEPA since the CHRO was unable to award the plaintiff with the damages that he desired. As an at-will employee, he may be entitled to pursue a cause of action pursuant to the tort of wrongful termination since in addition to having no recognizable administrative remedy, discharge under these circumstances is clearly violative of public policy. Accordingly, the defendant's motion to dismiss is denied.
 COUNT TWO
The defendant seeks dismissal of count two of the plaintiff's CT Page 4999 complaint on the ground that he has failed to state a legally cognizable claim under CUTPA. "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike; . . ." (Citation omitted.) Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993). Accordingly, the defendant's improper motion to dismiss count two of the plaintiff's complaint is denied.
 III. CONCLUSION
For the foregoing reasons, the defendant's motion to dismiss counts one and two of the plaintiff's complaint is denied.
HURLEY, JUDGE TRIAL REFEREE.