[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue before the court is whether the plaintiff is limited to an administrative appeal of a decision by the Connecticut Commission on Human Rights and Opportunities (CHRO) or whether she is not required to exhaust her administrative remedies because the CHRO is without the authority to award the plaintiff compensatory and punitive damages.
Generally, any actions brought pursuant to the Connecticut Fair CT Page 3030 Employment Practices Act (CFEPA); General Statutes §§ 46a-58 through46a-81; "must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO." Sullivan v. Board of Police Commissioners, 196 Conn. 208, 215,491 A.2d 1096 (1985); see also General Statutes §§ 46a-82 through46a-104 (discriminatory practice complaint procedure and private rights of action) "It is the CHRO that is charged by the [CFEPA] with initial responsibility for the investigation and adjudication of claims of employment discrimination." Sullivan v. Board of Police Commissioners,
supra, 196 Conn. 216. If a plaintiff fails to "follow the administrative route that the legislature has prescribed for . . . [claims] of discrimination, [that plaintiff] lacks the statutory authority to pursue that claim in the Superior Court." Id.; see also Flanagan v. Commissionon Human Rights Opportunities, 54 Conn. App. 89, 91-92, 733 A.2d 881, cert. denied, 250 Conn. 925, 738 A.2d 656 (1999) ("[t]he Superior Court has no jurisdiction to act where there is an adequate administrative remedy that has not been exhausted")
In its motion to dismiss, the defendant argues that the plaintiff's failure to appeal the decision of the CHRO pursuant to General Statutes § 46a-94a, deprives this court of subject matter jurisdiction. Generally, "[w]hen a party has a statutory right of appeal from the decision of an administrative officer or agency, he may not, instead of appealing, bring an independent action to test the very issue which the [administrative] appeal was designed to test." (Internal quotation marks omitted.) Gelinas v. West Hartford, 225 Conn. 575, 595, 626 A.2d 259
(1993). However, a plaintiff is not required to "[r]esort to administrative remedies . . . when the administrative remedy is clearly inadequate." Sullivan v. Board of Police Commissioners, supra,196 Conn. 217. "An administrative remedy is futile or inadequate if the agency is without the authority to grant the requested relief." (Internal quotation marks omitted.) Mendillo v. Board of Education, 246 Conn. 456,467, 717 A.2d 1177 (1998).
In her objection to the defendant's motion to dismiss, the plaintiff argues that she is not required to appeal the CHRO's decision because the CHRO does not have the authority to grant the requested relief. Generally, the CHRO does not have the authority under § 46a-86 to award compensatory and punitive damages, or attorney's fees. BridgeportHospital v. Commission on Human Rights Opportunities, 232 Conn. 91,102, 653 A.2d 782 (1995); see also Lucarelli v. The Stop and ShopCompanies, Inc., Superior Court, judicial district of New Haven, Docket No. 405521 (March 10, 1999, Levin, J.) ("the CHRO . . . may order reinstatement with or without back pay, [but] may not make an award of damages for emotional distress or attorney's fees . . ."). Because the plaintiff is seeking compensatory and punitive damages, neither of which CT Page 3031 the CHRO has the authority to award, the plaintiff argues that she falls under the exception to the exhaustion rule.
Some trial court decisions have agreed with the plaintiff's argument that exhaustion of remedies is not required where a plaintiff seeks compensatory and punitive damages. DelVecchio v. Griggs BrowneCompany, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 118659 (April 17, 2000, Hurley, J.T.R.) (27 Conn. L. Rptr. 89, 92) ("since the plaintiff seeks compensatory and punitive damages . . . the plaintiff [is] excused from having to first proceed through the administrative process provided for in the CFEPA"); Chertkovav. Connecticut Specialty, Superior Court, judicial district of New Britain, Docket No. 486347 (February 22, 1999, Robinson, J.); Cantaverov. Horizon Meat Seafood Distributors, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152918 (April 22, 1997, Nadeau, J.) (19 Conn. L. Rptr. 333); Devoid v. Mirror Polishing Plating Co., Superior Court, judicial district of Litchfield, Docket No. 067949 (November 27, 1995, Pickett, J.).
Conversely, other trial court decisions have allowed plaintiffs to pursue independent actions in the Superior Court so long as that plaintiff has made a good faith attempt to have his or her claims resolved by the CHRO. Dinegar v. University of New Haven, Superior Court, judicial district of New Haven, Docket No. 378256 (October 16, 1997, Silbert,J.); see also Kennedy v. Comcast Cablevision, Superior Court, judicial district of New Haven, Docket No. 415210 (April 19, 2000, Fracasse, J.);Denning v. Admarket International, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343964 (July 1, 1998, Melville, J.) (22 Conn. L. Rptr. 440). In Dinegar v. University of New Haven, supra, Superior Court, Docket No. 378256, the court recognized that "[t]he exhaustion requirement would be totally meaningless if all a plaintiff had to do to avoid the statutorily prescribed process was to add to its prayer for relief a remedy not available to it through CHRO." (Internal quotation marks omitted.) The court concluded, however, that "[i]f the plaintiff has at least made a good faith effort to allow CHRO to try to resolve his or her complaint, and, after that agency's decision, the plaintiff still seeks remedies that CHRO is unable to provide, he or she should not be compelled to continue to pursue a futile administrative course but should be allowed to turn to the courts." Id.
Still other trial court decisions have held that when a plaintiff seeks to recover compensatory or punitive damages, that plaintiff must file a complaint with the CHRO and obtain a release pursuant to §§ 46a-100[1]
and 46a-101 (a)[2] before initiating a private cause of action.Santiago v. Fairfield County, Superior Court, judicial district of Hartford, Docket No. 578021 (October 30, 1998, Stengel, J.); Matejek v.CT Page 3032New England Technology Institute of Connecticut, Inc., Superior Court, judicial district of New Haven, Docket No. 404320 (April 7, 1998, Blue,J.); Cross v. LaRosa, Superior Court, judicial district of New Britain, Docket No. 477442 (January 13, 1998, Graham, J.) (21 Conn. L. Rptr. 241); see also Catalano v. Bedford Associates, Inc., 9 F. Sup.2d 133,136 (D.Conn. 1998).
The language of §§ 46a-100 and 46a-101 (a) appears to be clear and unambiguous in requiring plaintiffs to procure a release from the CHRO prior to initiating a private cause of action in the Superior Court. In determining whether §§ 46a-100 and 46a-101 (a) are mandatory or merely directory, the court in Cross v. LaRosa, supra, 21 Conn. L. Rptr. 241, held that §§ 46a-100 and 46a-101 "cannot be construed as having been enacted merely for the sake of convenience. Rather, the restricted and structured access to court is `the essence of the purpose to be accomplished'" Id., 245, quoting Angelsea Productions, Inc. v. Commissionon Human Rights and Opportunities, 236 Conn. 681, 674 A.2d 1300 (1996). The court concluded that "[t]he words of these statutes are not ambiguous and there is little need to look beyond their plain meaning to recognize that they permit an aggrieved complainant to sue in the Superior Court but circumscribe the right to sue by imposing mandatory preconditions."Cross v. LaRosa, supra, 21 Conn. L. Rptr. 245; see also Matejek v. NewEngland Technology Institute of Connecticut, Inc., supra, Superior Court, Docket No. 404320 ("[t]he legislature has plainly directed complainants who feel that their administrative remedy is inadequate to obtain releases prior to proceeding in the Superior Court").
In light of the foregoing, the court finds that §§ 46a-100 and 46a-101
(a) are mandatory and require the plaintiff to obtain a release from the CHRO prior to initiating a private cause of action under the CFEPA. In the present case, the plaintiff failed to allege that she had procured such a release and, therefore, the defendant's motion to dismiss is granted as to the first count of the plaintiff's complaint.
In count three of her complaint, the plaintiff alleges that she was wrongfully terminated by the defendant. Generally, common law causes of action for wrongful discharge are not proper because of the "general proposition that contracts of permanent employment, or for an indefinite term, are terminable at will."[3] Burnham v. Karl Gelb, P.C.,252 Conn. 153, 159, 745 A.2d 178 (2000). A former employee who was employed at-will may maintain a common law cause of action for the wrongful discharge, however, if that former employee can "prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Internal quotation marks omitted.) Id., 159. "`A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation CT Page 3033 of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unaddressed would leave a valuable social policy to go unvindicated.'" Id., 159-60, quoting Atkins v.Bridgeport Hydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223 (1985).
The plaintiff in the present action is not "otherwise without remedy" because she may appeal the CHRO decision to the Superior Court. In light of this, and the fact that the plaintiff has failed to allege that the reasons of her termination contravenes public policy, the defendant's motion to dismiss the plaintiff's third count is granted.
Counts two and four of the plaintiff's complaint, which allege intentional infliction of emotional distress and breach of the implied covenant of good faith and fair dealing, respectively, sound in tort. Unlike the first count, these counts are not brought pursuant to the discrimination provisions of § 46a-60 (a)(1). "There is nothing in the [CFEPA] statutes indicating that the administrative remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under [CFEPA]." (Internal quotation marks omitted.) DelVecchio v. Griggs Browne Company, Inc., supra, Superior Court, Docket No. 118659; Brewerv. Wilcox Trucking, Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 479546 (September 26, 1997, Stengel, J.); St. Germaine v. Ensign-Bickford Co., Superior Court, judicial district of Hartford, Docket No. 539310 (July 11, 1997, Hale,J.) (20 Conn. L. Rptr. 232); Cantavero v. Horizon Meat SeafoodDistributors, Inc., supra, Superior Court, Docket No. 152918. "Therefore, common law causes of action, such as tort claims, are not preempted by [CFEPA]." (Internal quotation marks omitted.) DelVecchio v.Griggs Browne Company, Inc., supra, Superior Court, Docket No. 118659;Cantavero v. Horizon Meat Seafood Distributors, Inc., supra, Superior Court, Docket No. 152918.
Accordingly, the defendant's motion to dismiss for failure to exhaust administrative remedies is denied with respect to the plaintiff's common law tort causes of action set out in counts two and four of the complaint.
CHASE T. ROGERS, J.