[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Thomas P. Misiewicz, moves to dismiss the third count of the amended complaint for failure to exhaust administrative remedies for a purported violation of General Statutes § 46a-60. On June 12, 2001, the court conducted a hearing on this motion. CT Page 10352
On August 31, 2000, the plaintiff, Cynthia Okun, filed a seven count amended complaint against the defendant, Thomas Misiewicz. The third count of the amended complaint alleges, sexual harassment in violation of General Statutes § 46a-60.[1] The plaintiff claims that the defendant's conduct caused her loss of esteem, damage to her professional career and reputation, lost wages, loss of medical insurance premium payments, loss of fringe benefits, physical pain and suffering and mental and emotional distress. The plaintiff seeks compensatory and punitive damages and attorney's fees.
On April 10, 2001, the defendant filed a motion to dismiss count three of the plaintiffs complaint because the plaintiff failed to exhaust her administrative remedies through the commission on human rights and opportunities (CHRO). The defendant filed a memorandum of law in support of the motion to dismiss. The plaintiff filed a memorandum of law in opposition to the motion to dismiss on May 31, 2001.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999).
"Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Konover v. WestHartford, 242 Conn. 727, 740, 699 A.2d 158 (1997). "[O]nce the question of a lack of subject matter jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaboration of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997).
The defendant argues that the court lacks subject matter jurisdiction over count three of the amended complaint because the plaintiff has failed to exhaust her administrative remedies as required by § 46a-100. The defendant also contends that the plaintiffs failure to obtain a release from the CHRO, pursuant to § 46a-101, deprives the court of subject matter jurisdiction. CT Page 10353
The plaintiff counters that she did not have an administrative remedy available to her because the one hundred eighty day time period for filing a complaint with the CHRO had expired when she filed her complaint in Superior Court. The plaintiff also argues that the administrative remedies available through the CHRO are inadequate because General Statutes § 46a-86 does not allow an award of compensatory or punitive damages or attorney's fees.
"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. . . . The doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to . . . exceptions. Application of the doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." Johnson v. Statewide Grievance Committee, 248 Conn. 87, 95,726 A.2d 1154 (1999). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine . . . furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review." Id.
"The two-part rationale for the exhaustion doctrine is: (1) to effectuate the legislative intent that the issue in question be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment . . . and (2) to relieve courts of the burden of prematurely deciding questions that may be resolved satisfactorily through the administrative process." Id., 96. "Moreover, judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise discretion or apply its expertise." (Internal quotation marks omitted.) Id.
In the present case, the plaintiff makes no claim that she exhausted her administrative remedies. In fact, the plaintiff concedes that she never filed a complaint against the defendant with the CHRO. The plaintiff also does not allege that she obtained a release from the CHRO to file an independent action in the Superior Court.
The Connecticut Fair Employment Practices Act (CFEPA) contains specific statutory requirements for filing complaints of discriminatory employment practices. "The provisions of the CFEPA that prohibit discriminatory CT Page 10354 employment practices; General Statutes §§ 46a-58 through 46a-81; must be read in conjunction with the act's provisions for the filing of complaints concerning alleged discriminatory practices with the CHRO. General Statutes §§ 46a-82 through 46a-96." Sullivan v. Board ofPolice Commissioners, 196 Conn. 208, 215, 491 A.2d 1096 (1985). A plaintiff, who fails "to follow the administrative route that the legislature has prescribed for his claim of discrimination, lacks the statutory authority to pursue that claim in Superior Court." Id., 217.
Pursuant to General Statutes § 46a-82 (a). any person "claiming to be aggrieved by an alleged discriminatory practice" may file a complaint with the CHRO. Under General Statutes § 46a-94 (a). following the final order of the CHRO or dismissal of the complaint by the CHRO, the complainant may appeal to the Superior Court in accordance with §4-183.
The complainant may also file an original action with the Superior Court pursuant to §§ 46a-100 and 46a-101. General Statutes § 46a-100
provides, in pertinent part, that "[a]ny person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a or 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred. . . ." General Statutes § 46a-101 (a) further provides that "[n]o action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission. . . ."
The plain language in § 46a-100 requires any person bringing an original action in the Superior Court for alleged discriminatory practices to file a timely complaint with the CHRO and to obtain a release from the CHRO before proceeding with the action. Section 46a-101 further provides that an action alleging discriminatory practices may not be brought under § 46a-100 unless the complainant obtains a release from the CHRO.
Although the plaintiff concedes that she failed to satisfy the statutory prerequisites contained in §§ 46a-100 and 46a-101, the plaintiff contends that she is exempt from these requirements because the administrative remedies available through the CHRO are inadequate. "One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate."Hunt v. Prior, 236 Conn. 421, 432, 673 A.2d 514 (1996). The Supreme Court has held that the CHRO does not have the authority under § 46a-86 to award compensatory and punitive damages, or attorney's fees. Bridgeportv. Commission on Human Rights Opportunities, 232 Conn. 91, 102, CT Page 10355653 A.2d 782 (1995). In the present case, the plaintiff is seeking compensatory and punitive damages for emotional distress, as well as attorney's fees. The plaintiff argues that she falls within the exception to the exhaustion rule because the CHRO does not have the authority to provide the remedy she seeks.
"It is not the plaintiffs preference for a particular remedy that determines whether the remedy . . . is adequate . . . and an administrative remedy, in order to be adequate, need not comport with the plaintiffs opinion of what a perfect remedy would be." Johnson v.Statewide Grievance Committee, supra, 248 Conn. 104. "When a plaintiff has available to him administrative remedies that could afford him meaningful relief . . . [h]is failure to [properly pursue those remedies] forecloses his access to judicial relief because it deprive[s] the trial court of jurisdiction to hear his complaint." Burnham v. Karl Gelb,P.C., 252 Conn. 153, 168-69, 745 A.2d 178 (2000). "A plaintiffs preference for a particular remedy at an earlier stage of the proceedings is of no moment when he has not exhausted other available administrative remedies." Id., 169.
The Supreme and Appellate Courts have not addressed the issue of whether a plaintiff seeking remedies, which the CHRO does not have the authority to award, for alleged violations of the CFEPA is required to exhaust administrative remedies prior to filing a complaint in the Superior Court. A split of authority exists within the Superior Court regarding the issue of whether there is an exception to the exhaustion rule when the plaintiff seeks remedies that the CHRO does not have the authority to award. Some courts have held that exhaustion of administrative remedies is not required when the plaintiff seeks compensatory and punitive damages. See, e.g., Sealund v. LexingtonHealthcare, Inc., Superior Court, judicial district of Danbury, Docket No. 339501 (December 27, 2000, Hiller, J.); Delvecchio v. Griggs BrowneCompany, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 118659 (April 17, 2000, Hurley, J.T.R.) (27 Conn. L. Rptr. 89); Chertkova v. Connecticut Specialty, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 486347 (February 22, 1999, Robinson, J.). Other decisions have ruled, however, that the exhaustion of administrative remedies is unnecessary when the plaintiff seeks compensatory and punitive damages under the CFEPA only if the plaintiff made a good faith attempt to file a complaint with the CHRO before filing the complaint in Superior Court. See, e.g., Denning v.Admarket International, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 343964 (July 1, 1998, Melville, J.) (22 Conn. L. Rptr. 440); Dinegar v. University of New Haven, Superior Court, judicial district of New Haven, Docket No. 378256 (October 16, 1997,Silbert, J.). CT Page 10356
Another line of Superior Court decisions has determined that, although the plaintiff seeks compensatory and punitive damages, the plaintiff must still file a complaint with the CHRO and obtain a release from the CHRO prior to filing a complaint in Superior Court. See, e.g., Brightly v.Abbott Terrace Health Center, Superior Court, judicial district of Waterbury, Docket No. 148584 (February 27, 2001, Rogers, J.) (29 Conn. L. Rptr. 102); Matejek v. New England Technology Institute ofConnecticut, Inc., Superior Court, judicial district of New Haven, Docket No. 404320 (April 7, 1998, Blue, J.); Santiago v. Fairfield County, Superior Court, judicial district of Hartford, Docket No. 578021 (October 30, 1998, Stengel, J.).
The Superior Court cases that have held that a plaintiff, who seeks compensatory and punitive damages under CFEPA, must file a complaint with the CHRO and obtain a release from the CHRO prior to filing a complaint in Superior Court are more persuasive because these decisions follow the clear and unambiguous language of General Statutes §§ 46a-100 and46a-101. "The language of §§ 46a-100 and 46a-101 (a) appears to be clear and unambiguous in requiring plaintiffs to procure a release from the CHRO prior to initiating a private cause of action in the Superior Court." Brightly v. Abbott Terrace Health Center, supra,29 Conn. L. Rptr. 102.
In Matejek v. New England Technical Institute of Connecticut, Inc., supra, Superior Court, Docket No. 404320, the court stated that "[n]o statute allows a complainant to file an original action in the Superior Court in the absence of such a release . . . [the] statutory scheme . . . makes it clear that the legislature neither contemplated nor authorized such a procedure. If it were possible to file an original action in the Superior Court without a release there would be no point in requiring a release in the first place." The court further stated that "[a] plaintiff who has not attempted to obtain a release . . . cannot complain that his administrative remedy is inadequate. . . . The legislature has plainly directed complainants who feel that their administrative remedy is inadequate to obtain releases prior to proceeding in the Superior Court. The failure of the plaintiff here to follow this direction is fatal." Id.
In the present case, the plaintiff never filed a complaint with the CHRO, nor did she obtain a release despite the clear statutory mandate of §§ 46a-100 and 46a-101. The plaintiffs failure to file a timely complaint with the CHRO and to obtain a release from the CHRO deprives the court of subject matter jurisdiction over count three of the complaint. The defendant's motion to dismiss is granted with respect to count three of the complaint because the plaintiff failed to satisfy the CT Page 10357 statutory prerequisites before initiating this action.
 ______________________, J. Sferrazza