[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
This action arises out of the termination of the plaintiff, Margaret Contois, from employment by the defendant, Carmen Anthony Restaurant Group, L.L.C.
On July 18, 2000, the plaintiff filed a six count complaint against the defendant alleging the following facts. The plaintiff was employed as a manager at the defendant's restaurant from June 1998 through January 4, 2000. The plaintiff suffered an injury to her back and leg while performing her employment duties. On January 1, 2000, the plaintiff notified one of the defendant's managers that "she would be seeking treatment for the injuries pursuant to her rights under Connecticut's workers' compensation statutes." (Complaint, count one, ¶ 5.) On January 4, 2000, the defendant terminated the plaintiff from her employment.
In count one, the plaintiff alleges that her termination violated General Statutes § 31-290a. In count two, the plaintiff alleges wrongful termination in violation of the public policy of the state. In CT Page 1903 count three, the plaintiff alleges that the wrongful termination constituted a breach of the covenant of good faith and fair dealing in the employment contract and in count four, the plaintiff alleges that the defendant "intentionally, recklessly, willfully, and or negligently refused to pay for the plaintiff's treatment for her injuries," causing the plaintiff to suffer an exacerbation of her injuries. In count five, the plaintiff alleges intentional infliction of emotional distress, and in count six, the plaintiff alleges negligent infliction of emotional distress.
On August 24, 2000, the defendant filed a motion to strike counts two, three, five and six of the plaintiff's complaint and the prayer for relief requesting attorney's fees and punitive damages in counts two and three. The defendant moves to strike counts two and three on the basis that they fail to state a claim as a matter of law because these claims are available only when the plaintiff is otherwise without remedy and the plaintiff has a statutory remedy for her alleged retaliatory discharge under General Statutes § 31-290a. The defendant moves to strike counts five and six and the plaintiff's request for punitive damages and attorney's fees for counts two and three on the basis that they are legally insufficient as a matter of law because they fail to set forth facts in support thereof. The defendant filed an accompanying memorandum of law pursuant to Practice Book § 10-42. The plaintiff timely filed an objection to the defendant's motion to strike.
"[A] motion to strike challenges the legal sufficiency of a pleading."Sherwood v. Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730 (2000). The role of the court is to "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . ." (Citation omitted.) Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834
(2000). "In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citations omitted; internal quotations omitted.) Id., 588.
AS TO COUNT TWO — COMMON LAW WRONGFUL DISCHARGE
The parties disagree about whether the plaintiff has a claim for common CT Page 1904 law wrongful discharge in addition to her claim in count one brought pursuant to General Statutes § 31-290a.[1] The defendant argues that the common law wrongful discharge claim should be stricken because such a cause of action is only permitted when the plaintiff is otherwise without remedy of law and the plaintiff in this case has asserted a statutory cause of action under General Statutes § 31-290a in the first count of the complaint. In response, the plaintiff argues that she should not be precluded from asserting a claim for wrongful discharge in violation of public policy because her claim for wrongful termination in violation of General Statutes § 31-290a may fail due to the fact that she did not file her workers' compensation claim until after she was terminated from employment.
The traditional rule in Connecticut governing employment at will contracts of permanent employment, or employment for an indefinite term, is that such contracts are terminable at the will of either party without regard to cause. Coelho v. Posi-Seal International, Inc., 208 Conn. 106,117-18, 544 A.2d 170 (1988); Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 562-63, 479 A.2d 781 (1984); Sheets v. Teddv's FrostedFoods, Inc., 179 Conn. 471, 474, 427 A.2d 385 (1980). The doctrine of wrongful discharge is a narrow exception to this rule. D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, 202 Conn. 206, 211 n. 1,520 A.2d 217 (1987). "A cause of action for wrongful discharge is only recognized where public policy is clearly contravened." Atkinson v.Bridgeport Hydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223 (1986), citing Sheets v. Teddy's Frosted Foods, Inc., supra, 179 Conn. 475. "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Emphasis in original.) (Internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., 252 Conn. 153, 159-60, 745 A.2d 178
(2000). The existence of a statutory remedy precludes a public policy wrongful discharge claim. "Therefore, application of the public policy exception requires two factors: (1) that the discharge violates some well established public policy; and (2) that there be no remedy to protect the interest of the aggrieved employee or society." (Internal quotation marks omitted.) Swihart v. County Home Bakers, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 006094 (July 16, 1999, Corradino, J.).[2] General Statutes § 31-290a provides a remedy for employees who are terminated from employment for exercising CT Page 1905 his or her rights under workers' compensation.
The defendant's motion to strike the plaintiff's common law wrongful discharge claim in count two, is granted because the plaintiff has alleged a statutory remedy at law in count one.[3] See Burnham v. Karl Gelb, P.C., supra, 252 Conn. 159-62 (precluding a public policy wrongful discharge claim when a statutory remedy exists and is pleaded, not when a statutory remedy is guaranteed.)
AS TO COUNT THREE — THE COVENANT OF GOOD FAITH AND FAIR DEALING
The defendant argues that because the plaintiff has an available remedy pursuant to § 31-290a, the breach of the covenant of good faith and fair dealing claim set forth in count three, must fail for the same reason that the claim in count two of the complaint fails. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . ." (Citation omitted; internal quotation marks omitted.) Gupta v. New Britain GeneralHospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. AnacondaIndustries, Inc., supra, 193 Conn. 567. In Magnan v. AnacondaIndustries, Inc., our Supreme Court held that a plaintiff also has a cause of action for wrongful discharge in contract for violation of the implied covenant of good faith and fair dealing. Id., 572. That cause of action, however, is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort. Id.; see also Battistav. United Illuminating Co., 10 Conn. App. 486, 495, 523 A.2d 1356, cert. denied, 204 Conn. 802, 803 (1987). "Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right." Magnan v. AnacondaIndustries, Inc., supra, 193 Conn. 572.
The court finds that the third count fails to state a claim upon which relief may be granted because (1) the plaintiff has an existing statutory remedy, (2) the plaintiff is an at-will employee, and (3) the plaintiff's common law wrongful discharge claim has been stricken. See e.g., Rothbergv. United Illuminating Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 391576 (February 5, 1997, Silbert, J.) (18 Conn.L.Rptr. 690, 691). The plaintiff incorporates the first eight paragraphs of the first count into her third count. These paragraphs allege that the plaintiff had been employed by the defendant and that she was discharged three days after having informed the defendant's manager CT Page 1906 that she planned to file a workers' compensation claim. The court finds that "[t]o the extent the public policy sought to be vindicated is embodied . . . [in General Statutes § 31-290a], it is addressed through the first . . . [count]. To the extent that some other statute is implicated, it should be specifically identified. . . . To the extent that the public policy the plaintiff has in mind reflects something other than a statutory basis, a breach of the implied covenant of good faith and fair dealing is not available when there is an adequate statutory remedy . . . Moreover, as currently pleaded, the third count does not allege that the plaintiff's employment was anything other than terminable at will. . . ." (Citations omitted; internal quotation marks omitted.) Id. Accordingly, the court finds that the third count should be and is hereby stricken because the plaintiff has a statutory remedy and she fails to allege that her employment with the defendant was anything other than terminable at will.[4]
AS TO COUNT FIVE — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
The defendant argues that the intentional infliction of emotional distress claim should be stricken because it fails to allege sufficient facts as a matter of law. In order to state a claim of intentional infliction of emotional distress, "[i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Boardof Education, 254 Conn. 205, 210, 757 A.2d 1059 (2000). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine. Only where reasonable minds disagree does it become an issue for the jury." (Internal quotation marks omitted.) Id. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . ." (Citations omitted; internal quotation marks omitted.) Id., 210-11. "[A] line can be drawn between the slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." (Internal quotation marks omitted.) Whelan v. Whelan, 41 Conn. Sup. 519, 522, CT Page 1907588 A.2d 251 (1991); see e.g. Duncan v. Junior Achievement, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335878 (Jan. 27, 2000, Skolnick, J.) (the plaintiff's employment termination based on age discrimination did not rise to level of extreme and outrageous behavior). "The mere fact of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." Parsons v. Technologies Corp., 243 Conn. 66, 88-89,700 A.2d 655 (1997).
In Talit v. Peterson, 44 Conn. Sup. 490, 491, 692 A.2d 1322 (1995), the court, Blue J., examined whether the alleged retaliatory discharge of the plaintiff after she filed a grievance over her demotion was sufficiently outrageous conduct so as to support the plaintiff's claim for intentional infliction of emotional distress. Id. In Talit v. Peterson, the plaintiff's claim for intentional infliction of emotional distress alleged "not merely . . . that the defendants subjected her to criticism . . . [but also that] that the defendants caused her to lose her employment in retaliation for filing a grievance [over her earlier demotion]." Id., 498. The court found that "[t]his alleged retaliatory conduct is that type of extreme and outrageous conduct which, together with the other elements of the tort, constitutes intentional infliction of emotional distress." (Internal quotation marks omitted.) Id. The court denied the motion to strike because "[i]n this case, at a minimum, reasonable people could differ as to whether the defendants' conduct was extreme and outrageous. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." (Internal quotation marks omitted.) Id.
Even in construing the complaint in the manner most favorable to sustaining its legal sufficiency and in giving it a liberal construction under Taut v. Peterson, the plaintiff has failed to allege sufficient facts to support a claim for intentional infliction of emotional distress. Specifically, the plaintiff has failed to sufficiently allege outrageous and extreme conduct. The plaintiff incorporates the same facts for both her claims for negligent infliction of emotional distress and intentional infliction of emotional distress. These allegations include that the plaintiff was terminated from employment three days after informing the defendant's manager that she would be seeking treatment for her work related injuries pursuant to her rights under Connecticut's workers' compensation statutes. In addition, the plaintiff alleges in her fifth count that the defendant's actions "were done intentionally to harass" her and "were so outrageous that the defendant knew or should have known that its actions would cause emotional distress to the CT Page 1908 plaintiff" (Complaint, count five, ¶ 13.) Moreover, the plaintiff alleges in this count the following: (1) "[s]aid actions of the defendant were extreme and outrageous;" (2) "[t]he aforesaid actions resulted in the plaintiff suffering from emotional distress;" (3) [s]aid emotional distress was severe in nature;" and (4) "[a]s a result of said distress, the plaintiff has suffered damages." (Complaint, count five, ¶¶ 14-17.) The plaintiff has alleged mere conclusions of law and has failed to allege facts sufficient to demonstrate conduct on the part of the defendants which was "extreme and outrageous." Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 588; see also Roos v. Friendly's IceCream Corporation, Superior Court, judicial district of Danbury, Docket No. 334978 (December 2, 1999, Moraghan, J.) ("The assertion that the defendant's decision to discharge him was "extreme and outrageous' because the decision itself was unreasonable and against public policy. This is nothing but a conclusory statement with the factual predicate to support it. Mere conclusions of law without factual support thereof must also fail under a motion to strike."). In addition, the plaintiff fails to allege sufficient facts under Talit v. Peterson to establish retaliatory discharge as a basis for her claim. Accordingly, the defendant's motion to strike the plaintiff's claim for intentional infliction of emotional distress should be and is hereby granted because the plaintiff has alleged mere conclusions of law unsupported by facts in support thereof.
AS TO COUNT SIX — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
The defendant argues that the negligent infliction of emotional distress claim, should be stricken because "the plaintiff has failed to allege any facts to support the allegation that the manner in which the defendant allegedly acted was unreasonable, embarrassing or humiliating." (Defendant's memorandum, p. 10-11.) The plaintiff replies that her negligent infliction of emotional distress claim is based on two facts alleged in her complaint, namely that the termination of employment was in violation of General Statutes § 31-290a, and the defendant's refusal to pay her medical expenses as part of her workers' compensation claim.
"In order to state [a claim for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . . Accordingly, negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process." (Citations omitted; internal quotation marks omitted.) ParsonsCT Page 1909v. United Technologies Corp., supra, 243 Conn. 88. Furthermore, "[t]he mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress." Id., 88-89. "Rather, a complaint must allege more, for instance, that the actual termination was done in an inconsiderate, humiliating, or embarrassing manner." (Citations omitted.) Martins v.Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356084 (October 6, 1999, Nadeau, J.). See alsoMenard v. People's Bank, Superior Court, judicial district of New London at New London, Docket No. 544627 (April 6, 1998, Koletsky, J.) (court granted motion to strike negligent infliction of emotional distress claim because "the plaintiff's fail to allege any facts which indicate that the process and manner in which the plaintiff was terminated was unreasonable, embarrassing, or humiliating;" the allegations must "speak to the manner in which [the plaintiff] was fired.").
In Lund v. Stern Company, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463413 (April 4, 1995,Stengel, J.), "the plaintiff claims that the subsequent loss of insurance benefits following termination is the basis of his negligent infliction of emotional distress claim." The court granted the defendant's motion to strike this claim because the plaintiff failed to allege that the loss of benefits constituted unreasonable conduct occurring at the time of the discharge and the plaintiff did not establish that any aspect of the actual discharge was done in an inconsiderate, humiliating or embarrassing manner. Id. See e.g., Thompson v. Bridgeport Hospital,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352686 (November 17, 1999, Nadeau, J.) (the court granted the motion to strike a negligent infliction of emotional distress claim because "the plaintiff also [failed] to allege loss of pay and benefits constituted unreasonable conduct, or behavior, at the time of discharge that was inconsiderate, humiliating or embarrassing.").
The plaintiff in this case alleges that "[t]he defendant knew or reasonably should have known that said actions of terminating the plaintiff's employment, and refusing to pay for her medical expenses associated with her work-related injury involved an unreasonable risk of causing emotional distress and mental and physical suffering to the plaintiff which could result in illness or bodily harm." (Complaint, count six, ¶ 13.) That statement alone is insufficient to support a claim for negligent infliction of emotional distress because the plaintiff has failed to allege that the actual termination was done in an inconsiderate, humiliating, or embarrassing manner or that the defendant's failure to pay medical expenses constituted unreasonable CT Page 1910 conduct at the time of the inconsiderate, humiliating or embarrassing discharge. In addition, Parsons v. United Technologies Corp., supra,243 Conn. 88-89, the defendant's mere act of terminating the plaintiff's employment is insufficient to establish this claim. Accordingly, pursuant to well established Connecticut case law, the court should grant the motion to strike count six because the plaintiff's allegations in the present case regarding termination and refusal to pay medical expenses are insufficient to support her claim for negligent infliction of emotional distress.
AS TO THE PLAINTIFF'S PRAYER FOR RELIEF
Finally, the plaintiff moves to strike the plaintiff's claims for punitive damages and attorney's fees based on the allegations the plaintiff makes in counts two and three of the complaint. "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,
supra, 244 Conn. 325. Because the plaintiff's prayer for punitive damages and attorney's fees are directed to counts two and three of the plaintiff's complaint — counts which the court has stricken, the court hereby grants the motion to strike these claims for relief as well.
By the Court
Joseph W. Doherty, Judge