[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, William Thomes, brings this action against the defendants, Clairol Incorporated (Clairol) and its parent company, Bristol-Myers Squibb Company (Bristol-Myers) alleging the following pertinent facts: prior to the termination of his employment by the CT Page 6345 defendants. the plaintiff had been employed by Clairol for approximately forty years. At the time of his termination, the plaintiff was the Manager of Shipping and Receiving. During the term of his employment, the plaintiffs job performance had been satisfactory and he had never been disciplined. While employed, it came to the plaintiffs attention that there were potential manufacturing and safety violations at the Clairol plant. The plaintiff notified Clairol's Director of Human Resources as well as its Senior Vice President of his concerns.
Furthermore, the plaintiff alleges that on or about June 18, 1999, he was told that a sexual harassment complaint had been made against him by a temporary employee of Clairol whom the plaintiff had terminated earlier that day. On or about June 29, 1999, the plaintiff was told that he would be terminated because of these allegations. Rather than face dismissal, the plaintiff offered his letter of resignation in which he denied the sexual harassment allegations against him. "The plaintiff alleges that the claims of sexual harassment are completely fabricated and uncorroborated and that despite evidence of the fabrication, the defendants have refused to reinstate "the plaintiff to his former position.
In count three of his complaint, the plaintiff alleges that he was wrongfully discharged in violation of public policy in that the defendants acted with malice and/or recklessly when they conducted the investigation into the sexual harassment allegations against the plaintiff, as the defendants knew or should have known that the allegations were fabricated. The plaintiff alleges that the defendants were seeking a pretext to terminate the plaintiffs employment following his complaints regarding the extensive safety violations occurring at the plant. In count four of his complaint, the plaintiff alleges that the defendants breached the implied covenant of good faith and fair dealing in violation of public policy as the defendants terminated the plaintiffs employment following its malicious and/or reckless investigation of the sexual harassment allegations against the plaintiff. Bristol-Myers moved to strike counts three and four of the plaintiffs complaint on the ground that Connecticut does not recognize a cause of action for wrongful discharge or a breach of the implied covenant of good faith and fair dealing based on an employer's conduct during a sexual harassment investigation against an at will employee.[1]
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike . . ." Practice Book § 10-39; see also Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." (Citations omitted.)Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
CT Page 6346 (1997). The court "[m]ust construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
"In Sheets v. Teddy's Frosted Food, Inc., 179 Conn. 471, 427 A.2d 385
(1980), [the Connecticut Supreme Court] recognized that it is a "general proposition that contracts of permanent employment, or for an indefinite term, are terminable at will." Id., 474. . . . In Sheets, however, thi court recognized a common law cause of action in tort for the discharge of an at will employee if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. . . . In interpreting this exception, we note our adherence to the principle that the public policy exception to the general rub allowing unfettered termination of an at-will employment relationship is a narrow one. . . . We an mindful that courts should not lightly intervene to impair the exercise of managerial discretion or t' foment unwarranted litigation." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., 252 Conn. 153, 158, 745 A.2d 178 (2000).
First, the court will address the motion to strike the plaintiffs wrongful discharge claim. The court notes that both the plaintiff and Bristol Myers rely on the Supreme Court case of Morris v. Hartford CourantCo., 200 Conn. 676, 513 A.2d 66 (1986). The Morris court held that "[a] false but negligently made accusation of criminal conduct as a basis for dismissal is not a demonstrably improper reason for dismissal and is not derived from some important violation of public policy.' (Emphasis omitted; internal quotation marks omitted.) Id., 680. Bristol-Myers argues that under the holding in Morris, not only is a wrongful discharge cause of action invalid in these circumstances but the plaintiffs claim does not fall under the public policy exception and therefore, should b stricken. The plaintiff contends that the holding in Morris is inapplicable as the court did not decide whether allegations of recklessness and malice establish a viable cause of action for wrongful discharge and furthermore, that the plaintiffs allegations do fall within the public policy exception
In Morris, the plaintiff alleged only that the defendant failed to investigate the charge reasonably and adequately. Additionally, the plaintiff did not allege that his dismissal contravened any public policy. The court also stated, however, that it "need not consider,therefore, whether ax allegation that the false accusation was knowinglyCT Page 6347or recklessly made would have established viable cause of action underthese limits." (Emphasis added.) Id. Therefore, discretion has beer left to the Superior Court as to whether allegations that an at will employee's dismissal was recklessly or knowingly made establish a viable cause of action. See Whittaker v. Barnes Group, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 332022 (February 23, 1988, Hale, J.) (3 C.S.C.R. 315) ("[A]n allegation that the defendant recklessly mad a wrongful accusation of criminal activity which resulted in a wrongful discharge of the plaintiff from his position thereby causing his unemployment . . ." constitutes viable cause of action for wrongful discharge); but see Reyes v. Ames Dept. Stores, Inc., Superior Court, judicial district of Waterbury, Docket No. 109112 (January 18, 1994, Sylvester, 1) (10 Conn.L.Rptr. 625) (plaintiff did not sufficiently allege claim of wrongful discharge as allegation of malicious and intentional false accusation of theft does not rise to level of violation of important public policy); Rafael v. St. Vincent's MedicalCenter, Superior Court, judicial district of Fairfield at Bridgeport, Docket No 287705 (August 26. 1993, Ballen, J.) (9 Conn.L.Rptr. 610) (allegations that defendant employee made false accusations of theft and dishonesty with malice and intent to wrongfully discharge plaintiff do not rise to level of violation of important public policy).
This court finds that a fair reading of count three presents the claim that Bristol-Myers wrongfully discharged the plaintiff in violation of an important public policy. This court finds that the inability to report potential manufacturing and safety concerns to superiors in the course of one' employment without fear of retaliation or termination rises to the level of a sufficient allegation a violation of an important public policy. Consequently, this court finds that the plaintiff has sufficiently alleged a contravention of public policy so as to defeat a motion to strike. See Decampos, Inc. v. Kennedy Center, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 260290 November 23, 1990, Licari, J.) (3 Conn.L.Rptr. 549). Accordingly, Bristol-Myers' motion to strike count three is denied.
The defendant Bristol-Myers also moves to strike the plaintiffs claim of a breach of the implied covenant of good faith and fair dealing, "Where an employment contract is clean terminable at will . . . a party cannot ordinarily be deemed to lack good faith in exercising this right. . . . Thus, absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." (Citation omitted.) Carbone v. Atlantic Richfield Co., 204 Conn. 460,470-71, 528 A.2d 1137 (1987); see also Deura v. Greenwich Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029 (April 10, 1995, D'Andrea, J.) (14 Conn.L.Rptr. 49). CT Page 6348 Bristol-Myers argues that the plaintiffs claim does not fall under the public policy exception. As the issue presented in the motion to strike count three is the same as in if motion to strike count four — that is, whether the inability to report potential workplace violator without fear of retaliation or termination violates an important public policy — Bristol Myers' motion to strike count four is denied.
In conclusion, Bristol-Myers' motion to strike counts three and four of the plaintiff complaint is denied.
 _____________________________ D'ANDREA, JUDGE TRIAL REFEREE